**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FELIPE G. JAIMES,**

      **Plaintiff,**

**v.**                                                    **CASE NO: 8:04-CV-2143-T-27TGW**

**GILL COLON, JR., LANDON MILLER, JR.,**
**FRANK A. RUBINO, SPIRO T. KYPREOS,**
**STEVEN A. WHITTINGTON, and**
**WILLIAMS E. BUBSEY,**

      **Defendants.**

_____/

**O R D E R**

THIS cause comes before the Court on Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. 6), Motion to Correct Error (Dkt. 7), and Notice to File Motion to Withdraw and Without a [sic] Prejudice and or to [sic] For Lack of Jurisdiction (Dkt. 8).  Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on September 24, 2004, naming as defendants the attorneys retained to represent him before the Honorable Richard A. Lazzara on drug-related charges in 1999.  *See United States v. Jaimes*, Case No. 8:98-CR-431-T-26B (M.D. Fla. 1999).  Because Plaintiff's  attorneys are not "state actors," his complaint was dismissed on November 4, 2004, for failure to state a claim for which relief can be granted.

The motion for reconsideration, captioned "United States District Court, Northern District of Florida, Panamam [sic] City Division," seeks reconsideration of the dismissal of a complaint brought against the "United States of America" (Dkt. 6). The mistake in the

caption may be a scrivener's error as Plaintiff has previously sought federal habeas relief

pursuant to 28 U.S.C. § 2241 in that district.  *See Jaimes v. United States*, Case No. 3:02-

CV-00002-LAC-MD (N.D. Fla. 2002).[1]  That case was transferred to this district on April 22,

2002, *see id*., Dkt. 13, and assigned to Judge Lazzara, *see Jaimes v. United States*, 8:02-

CV-731-T-26TGW (M.D. Fla. 2002).  Some of the documents attached to the motion for

reconsideration currently before this Court relate to Plaintiff's prosecution on drug-related

charges in the Panama City Division of the Northern District of Florida, *United States v.

Jaimes*, Case No. 5:99-CR-00015-SPM-MD-ALL (N.D. Fla. 1999).  *See* Dkt. 6, Attach.

Letter, Thomas K. Kahn, Clerk, Eleventh Circuit Court of Appeals, March 3, 2003, Re:

*United States v. Jaimes*, Case No. 02-14719-EE (11th Cir. 2003).

Plaintiff has submitted a rambling, disjointed, and confusing set of documents which

the Court finds difficult to understand or comprehend.  From what can be discerned, Plaintiff

believes that his complaint was dismissed because of technical errors which could have

been remedied had he been given leave to amend (Dkt. 6 at 1-3).  In that light, Plaintiff has

submitted two motions to correct "errors" he perceives will cure the defects in his complaint

(Dkts. 7; 8).  Before dismissing the complaint, the Court concluded that granting Plaintiff

leave to amend would be futile because it cannot proceed with a cause of action under §

1983 where the only named Defendants are not persons "acting under color of state law"

within the meaning of the statute (Dkt. 4 at 4).  Likewise, granting Plaintiff's motions to

correct "errors" would be an exercise in futility.

---

[1]The Court takes judicial notice of information accessible via the Public Access to Court Electronic Records ("PACER") internet database link to the Official Court Electronic Document Filing System for the United States District Court, Northern District of Florida, viewed on April 28, 2005. *See* Fed. R. Evid. 201.

The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. "It should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Motions under this rule are directed to the sound discretion of the district court. *Id.*

Plaintiff has the burden of showing that absent relief from the judgment, an "extreme" and "unexpected" hardship will result. *Id.* (citing *United States v. Swift & Co.*, 286 U.S. 106 (1932)). The Court finds that Plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's order. *See Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.")). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'") (citation omitted)).

**ACCORDINGLY**, the Court **ORDERS** that:

1.      The Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. 6) is **DENIED**.

2.      The Motion to Correct Error (Dkt. 7) is **DENIED**.

3.       The Notice to File Motion to Withdraw and Without a Prejudice and or to For

Lack of Jurisdiction (Dkt. 8) is **DENIED**.

**ORDERED** in Tampa, Florida, this 4th day of May, 2005.




                                        /s/James D. Whittemore
                                        **JAMES D. WHITTEMORE**
                                        **United States District Judge**

SA:jsh

Copy to: *Pro Se* Plaintiff